UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X
ALI MOORE,

                             Plaintiff,

              -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, NEW YORK CITY POLICE
DEPARTMENT OFFICER JOHN DOES #1-10 (fictitiously
named), in their individual and official capacities, NEW
YORK CITY HOUSING AUTHORITY, NEW YORK
CITY HOUSING AUTHORITY JOHN DOES #11-20
(fictitiously named), in their individual and official
capacities, NEW YORK CITY FIRE DEPARTMENT,
NEW YORK CITY FIRE DEPARTMENT EMT/EMS
JOHN DOES #21-30 (fictitiously named), in their individual
and official capacities, NEW YORK CITY HEALTH +
HOSPITALS, NEW YORK CITY HEALTH +
HOSPITALS JOHN DOES #31-40 (fictitiously named), in
their individual and official capacities, HARLEM
HOSPITAL, and HARLEM HOSPITAL JOHN DOES #41-
50 (fictitiously named), in their individual and official
capacities,

                          Defendants.
----------------------------------------------------------------------- X

**DOCKET NO.:**

**COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff ALI MOORE, by his attorneys, The Russell Friedman Law Group, LLP,

complaining of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE

DEPARTMENT, NEW YORK CITY POLICE DEPARTMENT OFFICER JOHN DOES #1-10

(fictitiously named), in their individual and official capacities, NEW YORK CITY HOUSING

AUTHORITY, NEW YORK CITY HOUSING AUTHORITY JOHN DOES #11-20 (fictitiously

named), in their individual and official capacities, NEW YORK CITY FIRE DEPARTMENT,

NEW YORK CITY FIRE DEPARTMENT EMT/EMS JOHN DOES #21-30 (fictitiously named),

in their individual and official capacities, NEW YORK CITY HEALTH + HOSPITALS, NEW

1

YORK CITY HEALTH +  HOSPITALS JOHN DOES #31-40 (fictitiously named), in their individual and official capacities, HARLEM HOSPITAL, and HARLEM HOSPITAL JOHN DOES #41-50 (fictitiously named), in their individual and official capacities, alleges as follows:

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which Plaintiff, ALI MOORE ("MOORE" or "Plaintiff") seeks relief from Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE DEPARTMENT OFFICER JOHN DOES #1-10 (fictitiously named), in their individual and official capacities, NEW YORK CITY HOUSING AUTHORITY, NEW YORK CITY HOUSING AUTHORITY JOHN DOES #11-20 (fictitiously named), in their individual and official capacities, NEW YORK CITY FIRE DEPARTMENT, NEW YORK CITY FIRE DEPARTMENT EMT/EMS JOHN DOES #21-30 (fictitiously named), in their individual and official capacities, NEW YORK CITY HEALTH + HOSPITALS, NEW YORK CITY HEALTH + HOSPITALS JOHN DOES #31-40 (fictitiously named), in their individual and official capacities, HARLEM HOSPITAL, and HARLEM HOSPITAL JOHN DOES #41-50 (fictitiously named), in their individual and official capacities, (hereinafter, collectively referred to as "Defendants"), for committing acts under color of law and depriving Plaintiff of  rights secured under 42 USC § 1983 grounded in rights secured to him under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

2.     Plaintiff alleges that Defendants engaged in unlawful conduct including assault, battery, false arrest, abuse of process, excessive force, intentional infliction of emotional distress, and negligent infliction of emotional distress. All acts were committed under the color of law and deprived Plaintiff of rights secured to him under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United State and the State of New York.

3.      Plaintiff alleges that Defendants failed to address either the assault or the abuses that arose from the same that Plaintiff suffered at the hands of Defendant Does. Plaintiff was wrongfully arrested, seized, harassed, threatened, assaulted and battered, detained, abused, set out to public ridicule, and made to suffer injury to his good name, his personage, and his mental state of mind, without reason, legal basis, or justification by Defendants.

4.      Defendants NEW YORK CITY POLICE DEPARTMENT OFFICER JOHN DOES #1-10 ("DOES #1-10"), NEW YORK CITY HOUSING AUTHORITY JOHN DOES #11-20 ("DOES #11-20"), NEW YORK CITY FIRE DEPARTMENT EMT/EMS JOHN DOES #21-30 ("DOES #21-30"), NEW YORK CITY HEALTH + HOSPITALS JOHN DOES #31-40 ("DOES 31-40") and HARLEM HOSPITAL JOHN DOES #41-50 ("DOES #41-50") without justification or any reason except an intent to deprive Plaintiff of his rights and knowledge that their conduct had the tacit authorization of CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY HOUSING AUTHORITY, NEW YORK CITY FIRE DEPARTMENT, NEW YORK CITY HEALTH + HOSPITALS, and HARLEM HOSPITAL, wrongfully arrested, seized, harassed, threatened, assaulted and battered, detained and abused Plaintiff. Said use of unlawful conduct upon Plaintiff deprived him of his civil and Constitutional rights.

5.      Plaintiff seeks damages, both compensatory and punitive, award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and equitable.

### JURISDICTION

6.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. Jurisdiction is

conferred upon this Court by 42 U.S.C. § 1983 and by 28 U.S.C. §§ 1331 and 1343(3) and (4) of the aforementioned constitutional provisions.

## VENUE

7.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) since all of the events and omissions giving rise to Plaintiff's claims occurred within the City of New York; the actual place of employment of all of the individual Does is the City of New York in the Southern District of New York; and the City of New York is within the jurisdiction of the Southern District of New York. The events surrounding this lawsuit occurred in the City of New York, in the Southern District of New York.

## THE PARTIES

8.      Plaintiff is a resident of the United States who lives in the City of Baltimore, State of Maryland.

9.      Upon information and belief, at all relevant times described herein, Defendant CITY OF NEW YORK (hereinafter, referred to as "CITY") was and continues to be a municipal corporation organized and existing by virtue of the laws of the State of New York.

10.     Upon information and belief, at all relevant times described herein, Defendant CITY, by its agents and/or employees, operated, maintained, and controlled the NEW YORK CITY POLICE DEPARTMENT, including all police officers thereof.

11.     Upon information and belief, at all relevant times described herein, Defendant NEW YORK CITY POLICE DEPARTMENT (hereinafter, referred to as "NYPD") is a subdivision and/or agency of Defendant CITY and has an office at One Police Plaza, New York, New York 10038.

12.     Upon information and belief, at all relevant times described herein, Defendant DOES #1-10 (fictitiously named), are individuals and employees of CITY with an actual place of employment within the City of New York, State of New York.

13.     Upon information and belief, at all relevant times described herein, Defendant DOES #1-10 were acting within the scope of their employment as City of New York Police Officers. Defendant DOES #1-10 are being sued in their individual and official capacities.

14.     Upon information and belief, at all relevant times described herein, Defendant CITY, by its agents and/or employees, operated, maintained, and controlled the NEW YORK CITY HOUSING AUTHORITY, including all employees thereof.

15.     Upon information and belief, at all relevant times described herein, Defendant NEW YORK CITY HOUSING AUTHORITY (hereinafter, referred to as "NYCHA") is a subdivision and/or agency of Defendant CITY and has an office at 250 Broadway, New York, New York 10007.

16.     Upon information and belief, at all relevant times described herein, Defendant DOES #11-20 (fictitiously named), are individuals and employees of CITY with an actual place of employment within the City of New York, State of New York.

17.     Upon information and belief, at all relevant times described herein, Defendant DOES #11-20 were acting within the scope of their employment as NYCHA employees. Defendant DOES #11-20 are being sued in their individual and official capacities.

18.     Upon information and belief, at all relevant times described herein, Defendant CITY, by its agents and/or employees, operated, maintained, and controlled the NEW YORK CITY FIRE DEPARTMENT, including all EMT/EMS personnel thereof.

19.     Upon information and belief, at all relevant times described herein, Defendant NEW YORK CITY FIRE DEPARTMENT (hereinafter, referred to as "FDNY") is a subdivision and/or agency of Defendant CITY and has an office at 9 Metrotech Center, Brooklyn, New York 11201.

20.     Upon information and belief, at all relevant times described herein, Defendant DOES #21-30 (fictitiously named), are individuals and employees of CITY with an actual place of employment within the City of New York, State of New York.

21.     Upon information and belief, at all relevant times described herein, Defendant DOES #21-30 were acting within the scope of their employment as FDNY members. Defendant DOES #21-30 are being sued in their individual and official capacities.

22.     Upon information and belief, at all relevant times described herein, Defendant CITY, by its agents and/or employees, operated, maintained, and controlled the NEW YORK CITY HEALTH + HOSPITALS ("NYCHH"), including all employees thereof.

23.     Upon information and belief, at all relevant times described herein, Defendant NYCHH is a subdivision and/or agency of Defendant CITY and has an office at 50 Water Street, New York, New York 10004.

24.     Upon information and belief, at all relevant times described herein, Defendant DOES #31-40 (fictitiously named), are individuals and employees of CITY with an actual place of employment within the City of New York, State of New York.

25.     Upon information and belief, at all relevant times described herein, Defendant DOES #31-40 were acting within the scope of their employment as NYCHH employees. Defendant DOES #31-40 are being sued in their individual and official capacities.

26.    Upon information and belief, at all relevant times described herein, Defendant CITY and/or NYCHH, by its agents and/or employees, operated, maintained, and controlled HARLEM HOSPITAL ("HARLEM"), including all employees thereof.

27.    Upon information and belief, at all relevant times described herein, Defendant HARLEM is a subdivision and/or agency of Defendant CITY and/or NYCHH and has an office at 506 Lenox Avenue, New York, New York 10037.

28.    Upon information and belief, at all relevant times described herein, Defendant DOES #41-50 (fictitiously named), are individuals and employees of CITY and/or NYCHH with an actual place of employment within the City of New York, State of New York.

29.    Upon information and belief, at all relevant times described herein, Defendant DOES #41-50 were acting within the scope of their employment as NYCHH and/or HARLEM employees. Defendant DOES #41-50 are being sued in their individual and official capacities.

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

30.    Plaintiff served a Notice of Claim upon CITY on December 28, 2021, within ninety days of the events giving rise to his claims.

31.    On June 10, 2022, MOORE appeared for an examination pursuant to §50-h of the New York General Municipal Law.

32.    More than thirty days have elapsed since Plaintiff served his Notice of Claim and the CITY has not offered adjustment or payment thereof.

33.    Plaintiff served a Notice of Claim upon NYCHH and HARLEM on December 28, 2021, within ninety days of the events giving rise to his claims.

34.    On February 24, 2022, MOORE appeared for an examination pursuant to §50-h of the New York General Municipal Law.

35.     More than thirty days have elapsed since Plaintiff served his Notice of Claim and the CITY has not offered adjustment or payment thereof

## **FACTUAL ALLEGATIONS**

36.     Plaintiff MOORE was 28 years old at the time of incident. Plaintiff MOORE has been diagnosed with bipolar disorder.

37.     Prior to the underlying incident hereof, Defendants DOES #1-10, DOES #11-20, DOES #21-30, DOES #31-40, and DOES #41-50 (hereinafter, collectively referred to as "Defendant DOES") had previously responded to calls involving Plaintiff and were aware of his mental health conditions.

**October 1, 2021 Incident**

38.     On or about October 1, 2021, MOORE was present at his then residence located at 70 LaSalle Street, New York, New York.

39.     Sometime on or about October 1, 2021, upon information and belief, DOES #11-20 contacted 911 emergency services.

40.     Sometime after the 911 call, Defendants DOES #1-10 and DOES #21-30 arrived at 70 LaSalle Street, New York, New York.

41.     At the time Defendants DOES #1-10 and DOES #21-30 arrived, MOORE was outside the apartment building in which he resided.

42.     At the time Defendants DOES #1-10 and DOES #21-30 came into contact with MOORE, he was not a threat to himself or anyone else.

43.     Defendants DOES #1-10 and DOES #21-30 approached MOORE aggressively, encircled him, and handcuffed him. The manner in which Defendant DOES #1-10 and DOES #21-30 sought to take custody of MOORE was unnecessary.

44.     Defendants DOES #1-10 and DOES #21-30 had no basis to seize MOORE and lacked probable cause.

45.     Once MOORE was in custody, Defendants DOES #1-10 and DOES #21-30 transported him to Harlem Hospital.

46.      Once at the hospital, despite MOORE cooperating, Defendants DOES #31-40 and DOES #41-50 used unnecessary and excessive physical force to restrain MOORE, causing him serious and severe injuries.

47.     To avoid further abuse at Defendant HARLEM, MOORE left the hospital to get a second opinion from St. Luke's Hospital, after which he went to stay with his father in Brooklyn.

**October 5, 2021 Incident**

48.     On or about October 5, 2021, MOORE was present at his then residence located at 70 LaSalle Street, New York, New York.

49.     Sometime on or about October 5, 2021, upon information and belief, DOES #11-20 contacted 911 emergency services again.

50.     Sometime after the 911 call, Defendants DOES #1-10 and DOES #21-30 arrived at 70 LaSalle Street, New York, New York.

51.     At the time Defendants DOES #1-10 and DOES #21-30 arrived, MOORE was inside his apartment.

52.     Defendants DOES #1-10 and DOES #21-30 entered MOORE'S apartment without his permission nor consent.

53.     MOORE was placed in fear for his life and informed Defendants DOES #1-10 and DOES #21-30 that what they were doing was not according to protocol.

54.     Defendants DOES #1-10 and DOES #21-30 informed MOORE that they were not going to leave his apartment unless he came with them.

55.     Fearing for his life and not wanting the situation to escalate further, MOORE left his apartment with the officers.

56.     MOORE was taken to St. Luke's Hospital and discharged within an hour.

**A Custom, Policy, and Practice of Failing to Properly Handle Individuals with Mental Illnesses**

57.     On October 1, 2021 and October 5, 2021, Defendant DOES #1-10 violated existing policies when they encountered Plaintiff MOORE. These violations were a direct result of the Individual Defendants' and the City's deliberate indifference to individuals deemed emotionally disturbed persons (hereinafter, "EDP" or "EDPs").

58.     Prior to and at the time of the encounter, Plaintiff MOORE was identified by Defendant DOES #1-10 as a possible EDP. As such, Defendant DOES #1-10 were required to follow certain rules and regulations of the NYPD, some of which, on information, are outlined in the NYPD's departmental policies and which required Defendants to employ particular methods and to otherwise use reasonable care in their treatment of Plaintiff MOORE.

59.     Despite the foregoing, Defendant DOES #1-10 failed to follow departmental policies and other generally accepted standards. Instead, they forced a physical confrontation, used excessive force, and were otherwise wantonly reckless in the manner in which they treated Plaintiff MOORE, in complete disregard for his wellbeing and safety and, in so doing, caused serious and severe injuries to Plaintiff MOORE.

60.     Defendant DOES #1-10 knew of Plaintiff MOORE'S diagnosis and failed to follow NYPD protocol.

61.     Despite this knowledge of Plaintiff MOORE'S condition, Defendant DOES #1-10 deliberately and intentionally disregarded the directives for dealing with alleged EDPs set out in NYPD's policies.

62.     As a direct and proximate result of their deliberate disregard of NYPD policies and procedures, Plaintiff MOORE sustained severe and serious injuries.

63.     Upon information and belief, CITY and/or NYPD was or should have been aware of police officers' past poor treatment of emotionally disturbed persons, yet failed to adequately screen, train, supervise, or discipline police officers regarding the mental health care needs of citizens including, but not limited to, the use of equipment to restrain persons, evaluation of initial encounters with police controlling situations with emotionally disturbed persons, and adequate medical care. Said inaction constitutes deliberate indifference that caused the assault and severe and serious injury to Plaintiff MOORE.

64.     On October 1, 2021, Defendants DOES #31-40 and DOES #41-50 violated existing policies when they encountered Plaintiff MOORE. These violations were a direct result of the Individual Defendants' and NYCHH's deliberate indifference to individuals deemed emotionally disturbed persons.

65.     Prior to and at the time of the encounter, Plaintiff MOORE was identified by Defendants DOES #31-40 and DOES #41-50 as a possible EDP. As such, Defendants DOES #31-40 and DOES #41-50 were required to follow certain rules and regulations of NYCHH, some of which, on information, are outlined in the NYCHH's departmental policies and which required

Defendants to employ particular methods and to otherwise use reasonable care in their treatment of Plaintiff MOORE.

66.     Despite the foregoing, Defendants DOES #31-40 and DOES #41-50 failed to follow departmental policies and other generally accepted standards. Instead, they forced a physical confrontation, used excessive force, and were otherwise wantonly reckless in the manner in which they treated Plaintiff MOORE, in complete disregard for his wellbeing and safety and, in so doing, caused serious and severe injuries to Plaintiff MOORE.

67.     Defendants DOES #31-40 and DOES #41-50 knew of Plaintiff MOORE'S diagnosis and failed to follow NYCHH protocol.

68.     Despite this knowledge of Plaintiff MOORE'S condition, Defendants DOES #31-40 and DOES #41-50 deliberately and intentionally disregarded the directives for dealing with alleged EDPs set out in NYCHH's policies.

69.     As a direct and proximate result of their deliberate disregard of NYCHH policies and procedures, Plaintiff MOORE sustained severe and serious injuries.

70.     Upon information and belief, NYCHH and/or HARLEM was or should have been aware of police officers' past poor treatment of emotionally disturbed persons, yet failed to adequately screen, train, supervise, or discipline their employees regarding the mental health care needs of citizens including, but not limited to, the use of equipment to restrain persons, evaluation of initial encounters with police controlling situations with emotionally disturbed persons, and adequate medical care. Said inaction constitutes deliberate indifference that caused the assault and severe and serious injury to Plaintiff MOORE.

## COUNT I
### 42 U.S.C. § 1983 - Violations of Fourth and Fourteenth Amendment Rights
### (against Defendants NEW YORK CITY POLICE DEPARTMENT OFFICER JOHN DOES #1-10, NEW YORK CITY HOUSING AUTHORITY JOHN DOES #11-20, NEW YORK CITY FIRE DEPARTMENT EMT/EMS JOHN DOES #21-30, NEW YORK CITY HEALTH + HOSPITALS JOHN DOES #31-40, and HARLEM HOSPITAL JOHN DOES #41-50)

71.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

72.     In committing the acts and omissions complained of herein, Defendant DOES acted under color of state law to deprive Plaintiff MOORE of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution, including, but not limited to:

      a. the right to be free from unreasonable search and seizure;
      b. the right to be free from excessive force;
      c. the right to be free from deprivation of life and liberty without due process of law; and
      d. the right to freely associate with one's family and loved ones.

73.     Defendant Defendant DOES personally violated these constitutional rights or failed to intervene to prevent the violations of these rights even though they had the ability and opportunity to do so.

74.     The unlawful conduct of Defendant DOES was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

75.     As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages, costs, and attorney's fees pursuant to Title 42 § 1988.

**COUNT II**
**42 U.S.C. § 1983 - Violations of Fourth and Fourteenth Amendment Rights**
**(against Defendants CITY OF NEW YORK, NEW YORK CITY POLICE**
**DEPARTMENT, NEW YORK CITY HOUSING AUTHORITY, NEW YORK CITY FIRE**
**DEPARTMENT, NEW YORK CITY HEALTH + HOSPITALS, and HARLEM**
**HOSPITAL)**

76.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

77.     The unconstitutional conduct of Defendant DOES was directly and proximately caused by *de facto* policies, practices, and/or customs devised, implemented, enforced, encouraged, and sanctioned by Defendants CITY, NYCHA, FDNY, NYCHH, and HARLEM (hereinafter, collectively referred to as "Municipal Defendants") whereby written policies are ignored in practice in favor of *de facto* policies.

78.     Municipal Defendants developed and maintained customs, policies, and practices exhibiting deliberate indifference to the constitutional rights of their citizens, which caused the violations of Plaintiff MOORE'S rights.

79.     Municipal Defendants have developed and maintained a culture of indifference with respect to their treatment of emotionally disturbed individuals and/or individuals with mental health issues.

80.     Municipal Defendants failed to properly train their employees in their treatment and interaction with emotionally disturbed individuals and/or individual with mental health issues.

81.     It is also a custom, policy, and/or practice of Municipal Defendants to conduct inadequate screening in the hiring of employees for their propensity for violence and bias against, and insensitivity toward, emotionally disturbed persons and/or individuals with mental health issues.

82.     Municipal Defendants developed and maintained a culture of indifference with respect to emotionally disturbed individuals and/or individuals with mental health issues, and have created a *de facto* policy of brute and excessive force which, in many instances, have led to severe and serious physical injuries and sometimes death.

83.     The *de facto* policy and the culture of indifference have existed for years.

84.     As a direct and proximate result of the foregoing acts, omissions, systemic deficiencies, and Municipal Defendants' deliberate indifference, Plaintiff MOORE'S constitutional rights were violated, because of which he which he suffered substantial damages at an amount to be determined at trial.

85.     As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages, costs, and attorney's fees pursuant to Title 42 § 1988.

## COUNT III
## Title I of the ADA and the Rehabilitation Act
## (against All Defendants)

86.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

87.     Plaintiff MOORE was a disabled person by virtue of a mental impairment that substantially limited one or more of his major life activities, including, but not limited to, his ability to maintain employment and to interact with strangers, and was regarded as such by Defendant DOES due to their previous interactions with Plaintiff.

88.     On October 1, 2021 and October 5, 2021, Plaintiff MOORE met the essential eligibility requirements for the receipt of Defendants' services.

89.     Upon information, Defendants had a procedure in place at the time Plaintiff MOORE was seriously injured for dealing with individuals known to be EDPs.

90.     Upon information and belief, the actions of Defendant DOES were not in compliance with the services set forth by Defendants' policies and procedures for individuals who appear to be in an altered mental state.

91.     Plaintiff MOORE was discriminated against and deprived of equal access to and the benefits of police services because of his disability, because the officers who pursued, restrained, assaulted, and battered him on October 1, 2021 and October 5, 2021 failed to reasonably accommodate his disability by needlessly confronting him, by rushing their encounter with him, by not waiting for a supervisor or other more highly trained officer to arrive at the scene before engaging with him, by escalating the situation, and by using excessive force instead of other readily-available techniques for de-escalating the situation.

92.     Defendants discriminated against Plaintiff MOORE by reason of his mental health disability, denying him the benefits of the services, programs, and activities to which he was entitled as a person with a mental health disability, including, but not limited to, the right to be free of discriminatory or disparate treatment by virtue of his mental disability, and to due process of the law. As a result, Plaintiff MOORE suffered harm in violation of his rights under the laws and Constitution of the United States, 42 U.S.C. § 12132, and 29 U.S.C. § 794.

93.     Municipal Defendants have failed to comply with the mandates of 42 U.S.C. § 12132 and 29 U.S.C. § 794 in the following areas:

a.    the failure to properly train, supervise, and discipline police officers regarding crisis intervention techniques for individuals who exhibit the signs and symptoms of mental disabilities;

b.    the failure to provide adequate training and resources for police officers and others who encounter persons with mental health disabilities; and

c.    the failure of police officers to follow established policies, procedures, directives, and instructions regarding crisis intervention techniques for individuals who exhibit the signs and symptoms of mental health disabilities.

94.    By all these actions, Defendants have deprived Plaintiff of rights secured by the United States Constitution, 42 U.S.C. § 12132, and 29 U.S.C. § 794.

95.    As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages, costs, and attorney's fees pursuant to Title 42 § 1988.

**<u>COUNT IV</u>**
**<u>42 U.S.C. §1983 - Failure to Intervene</u>**
**<u>(against Defendants NEW YORK CITY POLICE DEPARTMENT OFFICER JOHN DOES #1-10, NEW YORK CITY HOUSING AUTHORITY JOHN DOES #11-20, NEW YORK CITY FIRE DEPARTMENT EMT/EMS JOHN DOES #21-30, NEW YORK CITY HEALTH + HOSPITALS JOHN DOES #31-40, and HARLEM HOSPITAL JOHN DOES #41-50)</u>**

96.    Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

97.    Defendant DOES had an affirmative duty to intervene on Plaintiff MOORE'S behalf to prevent violation of his constitutional rights despite having had a realistic opportunity to do so.

98.     The individual Defendant DOES failed to intervene on Plaintiff MOORE'S behalf to prevent violation of his constitutional rights despite having substantially contributed to the circumstances within which Plaintiff MOORE'S rights were violated by their affirmative conduct.

99.     As a result of such failure to intervene, Plaintiff MOORE'S constitutional rights were violated.

100.     As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages, costs, and attorney's fees pursuant to Title 42 § 1988.

**COUNT V**
**Municipal Liability 42 U.S.C. § 1983**
**(against Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY HOUSING AUTHORITY, NEW YORK CITY FIRE DEPARTMENT, NEW YORK CITY HEALTH + HOSPITALS, and HARLEM HOSPITAL)**

101.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

102.     That Municipal Defendants are "persons" within the meaning of 42 U.S.C. § 1983.

103.     That at all times material to this complaint, Municipal Defendants, acting through their respective agencies, had in effect *de facto* policies, practices, customs, and usages that were a direct and proximate cause of the unconstitutional conduct of Defendant DOES.

104.     That it is common practice and common knowledge that police officers of Defendant CITY routinely arrest individuals, fail to properly deescalate the encounter, use excessive force, and otherwise fail to follow departmental policies and/or other generally accepted

standards when dealing with emotionally disturbed individuals and/or individuals with a mental health diagnosis.

105.    That it is common practice and common knowledge that police officers of Defendant CITY force physical confrontation, used excessive force, and are otherwise wantonly reckless in the manner in which they treat emotionally disturbed individuals, individuals with a mental health diagnosis, and/or individuals in an altered mental status, in complete disregard for their wellbeing and safety and, in so doing, cause serious and severe injuries to said individuals.

106.    That Defendant CITY has failed to either discipline and/or properly train its officers on how to respond to and/or interact with individuals exhibiting altered mental status.

107.    Defendant CITY has failed to respond to the continuing and urgent need to prevent, restrain, and discipline police officers who wrongfully violate Constitutional rights of citizens, use excessive force, abuse of minorities, and abuse of emotionally disturbed individuals, and Defendant CITY has failed to find that civilian complaints made against police officers are founded or valid in anyway; therefore, Defendant CITY is liable under 42 U.S.C. § 1983 because Defendant CITY has had actual and/or constructive knowledge of the patterns of abuse and excessive force against emotionally disturbed individuals and/or individuals with a mental health diagnosis and/or individuals exhibiting an altered mental status by its police officers, employees, and/or agents in violation of the United States Constitution and, because of Defendant CITY and NYPD'S un-meaningful policy and custom for reviewing complaints of misconduct, Defendant DOES relied upon that flawed policy to continue their patterns of abuse, excessive force, unlawful search and seizure of personal property, and discriminatory legal enforcement, all in violation of Plaintiff's rights.

108.    Upon information and belief, specific systemic flaws in Defendant CITY'S civilian complaint review process include, but are not limited to, the following:

a.    Preparing reports regarding investigations of beatings incidents as routine point-by-point justifications of police officer actions, regardless of whether such actions are justified;

b.    Police officers unlawfully prosecuting persons of color and/or with disabilities, and violating rights granted to them by the United States Constitution;

c.    Police officers investigating civilian police encounters systemically fail to credit testimony by non-police officer witnesses, and uncritically rely on reports by police officers involved in the incident;

d.    Police officers investigating excessive force, fail to include in their reports relevant factual information which would tend to contradict the statements of the police officers involved;

e.    Supervisory police officers at times issue public statements exonerating police officers for excessive use of force, unlawful searches and seizures of personal property, and use of unnecessary and excessive force before the investigation of the incident by the police department has been completed; and

f.    Reports in EDP cases are not reviewed for accuracy by supervisory officers. Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

109.    The foregoing acts, omissions, systemic flaws, policies, and customs of Defendants CITY and NYPD caused Defendant DOES to believe that brutality and other improper actions would not be aggressively, honestly, and properly investigated, with the foreseeable result that

officers are most likely to use excessive force in situations where such force is neither necessary nor reasonable.

110.    Defendants CITY and NYPD were reckless, careless, intentional, negligent, and/or deliberately indifferent in the training, hiring, administration, and supervision of the police officers, including Defendant DOES, with respect to the use of force against emotionally disturbed persons, individuals with mental health diagnosis, and/or individuals with altered mental status, the arrest of such persons, and the recognition and preservation of the civil and constitutional rights of such persons.

111.    As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages, costs, and attorney's fees pursuant to Title 42 § 1988.

**COUNT VI**
**Violations of New York State Constitution**
**(against Defendants NEW YORK CITY POLICE DEPARTMENT OFFICER JOHN DOES #1-10, NEW YORK CITY HOUSING AUTHORITY JOHN DOES #11-20, NEW YORK CITY FIRE DEPARTMENT EMT/EMS JOHN DOES #21-30, NEW YORK CITY HEALTH + HOSPITALS JOHN DOES #31-40 and HARLEM HOSPITAL JOHN DOES #41-50)**

112.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

113.    Defendant DOES subjected Plaintiff to the foregoing acts and omissions without due process of law, thereby depriving Plaintiff of rights, privileges, and immunities guaranteed by

Article 1, §§ 6 and 12 of the New York State Constitution, including, without limitation, the right to due process and the right to be free from unreasonable searches and seizures.

114.    As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in an amount to be provided at trial but no less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

**COUNT VII**
**Assault and Battery**
**(against Defendants NEW YORK CITY POLICE DEPARTMENT OFFICER JOHN DOES #1-10, NEW YORK CITY FIRE DEPARTMENT EMT/EMS JOHN DOES #21-30, NEW YORK CITY HEALTH + HOSPITALS JOHN DOES #31-40, and HARLEM HOSPITAL JOHN DOES #41-50)**

115.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

116.    Defendant DOES, without just cause, willfully and maliciously used physical force against Plaintiff MOORE, causing him to sustain severe and serious injuries.

117.    Defendant DOES committed the foregoing acts intentionally, willfully, and with malicious disregard for Plaintiff MOORE'S rights and are therefore liable for punitive damages.

118.    As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in an amount to be provided at trial but no less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

**COUNT VIII**
**Intentional Infliction of Emotional Distress**
**(against Defendants NEW YORK CITY POLICE DEPARTMENT OFFICERS JOHN DOES #1-10, NEW YORK CITY FIRE DEPARTMENT EMT/EMS JOHN DOES #21-30, NEW YORK CITY HEALTH + HOSPITALS JOHN DOES #31-40 and HARLEM HOSPITAL JOHN DOES #41-50)**

119.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

120.    Defendant DOES, through the foregoing acts, did commit extreme and outrageous conduct and thereby intentionally and/or recklessly caused Plaintiff to experience severe mental and emotional distress, pain, suffering, and damage to name and reputation.

121.    All of these acts were performed without any negligence on the part of Plaintiff and were the proximate cause of injuries to Plaintiff.

122.    Defendants committed the foregoing acts intentionally, willfully, and with malicious disregard for Plaintiffs' rights and are therefore liable for punitive damages.

123.    As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in an amount to be provided at trial but no less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

## COUNT IX
### *Respondeat Superior*
### (against Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY FIRE DEPARTMENT, NEW YORK CITY HEALTH + HOSPITALS, and HARLEM HOSPITAL)

124.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

125.    At all relevant times, Defendant DOES were employees of Municipal Defendants and were acting within the scope of their employment.

126.    Municipal Defendants are, therefore, vicariously liable under the doctrine of *respondeat superior* for the actions of Defendant DOES set forth herein.

127.    As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in an amount to be provided at trial but no less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

## COUNT X
### Negligent Hiring
### (against Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY FIRE DEPARTMENT, NEW YORK CITY HEALTH + HOSPITALS, and HARLEM HOSPITAL)

128.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

129.     Upon information and belief, it was the custom, policy, and practice of Municipal Defendants to hire certain employees, including Defendant DOES, without conducting the appropriate background checks, investigations, and psychological evaluations.

130.     Upon information and belief, it was the custom, policy, and practice of Municipal Defendants to conduct inadequate investigations of candidates as was done with Defendant DOES.

131.     Upon information and belief, it was the custom, policy, and practice of Municipal Defendants to inadequately supervise the actions and conduct of employees, including Defendant DOES.

132.     Upon information and belief, it was the custom, policy, and practice of Municipal Defendants to continue to employ individuals, including Defendant DOES, after it is known that such individuals consistently violate the constitutional rights of persons such as Plaintiff MOORE.

133.     These customs, policies, and practices were the moving force, proximate cause, or affirmative link behind the conduct causing Plaintiff MOORE'S injuries.

134.     Municipal Defendants are, therefore, liable for violations of Plaintiff MOORE'S constitutional rights as caused by Defendants as described in more detail in the foregoing paragraphs; and Plaintiff has suffered damages therefrom.

135.     As a proximate result of Municipal Defendants' customs, policies, and practices for negligent hiring, improper supervision, and improper retention of employees, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

## JURY DEMAND

136.    Plaintiff demands a Trial by Jury of all causes of action so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A.    Under the First Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus punitive damages and attorney's fees;

B.    Under the Second Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus punitive damages and attorney's fees;

C.    Under the Third Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus punitive damages and attorney's fees;

D.    Under the Fourth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus punitive damages and attorney's fees;

E.    Under the Fifth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus punitive damages and attorney's fees;

F.    Under the Sixth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus punitive damages and attorney's fees;

G.    Under the Seventh Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus punitive damages and attorney's fees;

H.    Under the Eighth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus punitive damages and attorney's fees;

I.    Under the Ninth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus attorney's fees; and

J.     Under the Tenth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus attorney's fees;

K.     For costs and disbursements; and

L.     Such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
       December 28, 2022

Respectfully submitted,
**THE RUSSELL FRIEDMAN LAW GROUP, LLP**
*Attorneys for Plaintiff, Ali Moore*

By:    /s/*Pablo A. Fernandez*
       Pablo A. Fernandez
       400 Garden City Plaza, Suite 500
       Garden City, New York 11530
       Tel: 516.355.9696
       pfernandez@rfriedmanlaw.com