

Eldar Mayouhas
77 Water Street, Suite 2100
New York, New York 10005
Eldar.Mayouhas@lewisbrisbois.com
Direct: 646.783.0933

July 18, 2023                                                      File No.: 55028.18

*For substantially the reasons stated in this letter, Plaintiff's motion to transfer venue is **DENIED**.*

**Via ECF**
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

*The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se Plaintiff and to close the motion at Dkt. No. 74.*

*Dated: July 20, 2023*
*New York, New York*

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Re:    ***Ali Moore v. New York City Health + Hospitals, et al.***
        Case No.: 22-cv-10957 (LGS)(RWL)

Dear Judge Schofield:

    We represent defendants New York City Health + Hospitals, Dr. Nurur Rahman, Dr. Kalu Agwu, Dr. Ryan H. Hashem and Dr. Gautam Balasubramania Pandian (collectively "the NYCH+H defendants") in this action and write, jointly with City defendants,[1] pursuant to the Court's June 12, 2023 order in opposition to the *pro se* plaintiff's letter motion to change venue to the United States Court for the District of Maryland.

    Plaintiff essentially argues that the case should be transferred because he relocated to Baltimore before this case was commenced, he faces practical and financial difficulties in pursuing the case in this Court, he cannot find an attorney who wants to take his case in New York and because "New York State is a fascist state" where he will be unable to receive justice. None of the reasons proffered by plaintiff are a recognized basis for transferring this case.

    Initially, the United States District Court for the District of Maryland does not have personal jurisdiction over any of the defendants. Even if jurisdiction were not an issue, Maryland would be an improper venue.

---

[1] The Office of the Corporation Counsel currently represents the City of New York and individual defendant David Castro . Per the Court's direction during the status conference held on May 3, 2023, the Office of the Corporation Counsel will finalize its representation decisions for the remaining individual NYPD and FDNY defendants named in the First Amended Complaint upon further order from the Court.

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA • MARYLAND • MASSACHUSETTS • MINNESOTA • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA
126857199.1

Ali Moore v. New York City Health + Hospitals, et al.
Case No.: 22-cv-10957 (LGS)(RWL)
LBBS File No.: 55028.18
July 17, 2023
Page 2

28 U.S. Code § 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

None of the defendants consent to transferring the case to the District of Maryland as it would present an extreme hardship to the multiple defendants and potential non-party witnesses who are located in New York. Moreover, this lawsuit could not have been properly brought in the District of Maryland.

28 U.S. Code § 1391(b) provides in relevant part:

A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, plaintiff alleges that the incidents occurred at 70 LaSalle Street in Manhattan and at Harlem Hospital - within the Southern District of New York - and has not demonstrated that all or any of the defendants are residents of Maryland. Thus, 28 U.S. Code § 1391(b)(1) is inapplicable and the action is properly brought in this Court pursuant to subsection (2), barring the application of subsection (3) even if the Maryland District Court had jurisdiction, which it does not.

Consequently, plaintiff has failed to offer any basis to transfer this lawsuit to the United States District Court for Maryland, and we respectfully request that plaintiff's letter motion to change venue to be denied.

Respectfully submitted,

Eldar Mayouhas of
LEWIS BRISBOIS BISGAARD & SMITH LLP

126857199.1

Ali Moore v. New York City Health + Hospitals, et al.
Case No.: 22-cv-10957 (LGS)(RWL)
LBBS File No.: 55028.18
July 17, 2023
Page 3


Cc:    <u>Via Regular Mail and Certified Mail R.R.R.</u>

Ali Moore
*Plaintiff Pro Se*
2506 E. Overland Avenue
Baltimore, Maryland 21214

<u>Via ECF</u>

Evan J. Gottstein, Esq.
New York City Law Department
100 Church St.
New York, New York 10007