

| MURIEL GOODE-TRUFANT<br>*Acting Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | EVAN J. GOTTSTEIN<br>*Assistant Corporation Counsel*<br>(212) 356-2262<br>egottste@law.nyc.gov |
|---|---|---|

August 12, 2024

**By ECF**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:   <u>Ali Moore v. City of New York, et al.</u>
           22-CV-10957 (LGS)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, and the attorney for defendants the City of New York, David Castro, Nilsa Nivar (formerly Nilsa Patricio), Sanjay Bajnauth, Antonio Castelluccio, David Maldonado, and Kevin Rosas (the "City Defendants") in the above-referenced action. City Defendants write, jointly with NYCH+H Defendants, in response to the Court's *Valentin* Order, dated July 10, 2024 (ECF No. 181 at 21).

    On November 7 and November 8, 2023, NYCH+H Defendants and City Defendants moved to dismiss all claims asserted against them in the Fourth Amended Complaint ("4AC"). *See* ECF Nos. 95-102. On July 10, 2024, the Court granted City Defendants' motion only as to Defendant Bajnauth and an unknown individual named in the 4AC as "Officer 718," *see* ECF No. 181 at 10, and granted NYCH+H Defendants' motion only as to NYCH+H, *see* ECF No. 181 at 22. The Court also ordered City Defendants and NYCH+H Defendants to "ascertain the identify of each Doe Defendant who remains in this action as set forth above and with whom they are affiliated," and to "provide to Plaintiff and the Court the name and address where each such Doe Defendant may be served, if the City and NYCH+H do not accept service on the Defendant's behalf." *Id.* at 21. City Defendants' and NYCH+H Defendants' respective responses are set forth below.

**City Defendants' Response**

    The 4AC does not provide enough information about the "John Doe" police officers for the City to reasonably identify *all* NYPD and FDNY individuals whom plaintiff intends to sue. At the outset, the City can reasonably identify the following individuals as described in the 4AC:

    On October 1, 2021, based on information that plaintiff suffered from bipolar disorder, had not taken his medication, and was threatening other people, plaintiff was handcuffed by Defendant Bajnauth (who is currently represented by this Office) and Sergeant Brian Stanton, Shield No.

5571, who is currently assigned to the 20th Precinct, and may be served at 120 West 82nd Street, New York, New York, 10024. However, the City is unable to identify any "John Doe" officer(s) who "made the handcuffs tighter" after plaintiff allegedly complained about the handcuffs. *See* 4AC ¶ 52. Based on body-worn camera ("BWC") footage of this incident, plaintiff stated "your handcuffs are hurting me right now," and Officer Bajnauth responded, "it's not on tight" and confirmed that there was some amount of space between plaintiff's wrists and the inside of the handcuffs.

With respect to plaintiff's unreasonable search claim, the City is unable to identify any previously unidentified "John Doe" officers who "searched [plaintiff's] personal belongings" on October 1, 2021, because the City has confirmed that Defendant Bajnauth was the only officer who conducted a search incident to detention of plaintiff's duffle bag for officers' and medical personnel's safety (and recovered a large hunting knife) when plaintiff was escorted to the ambulance. The City has also confirmed that FDNY EMT Robert Kraft, Badge No. 3502, was the FDNY EMT who, along with defendant Rosas, was assigned to the ambulance in which plaintiff was transported to Harlem Hospital on October 1, 2021. The City requires additional time to verify EMT Kraft's current employment status with FDNY and service address.

Concerning plaintiff's false arrest claim(s), the City is unable to determine whom plaintiff intends to sue as "John Does #1-10" or "John Does #21-30" without some additional information from plaintiff. For example, the City is aware of at least six NYPD police officers, including already-named defendants Bajnauth and Castelluccio, who were in the general vicinity where plaintiff was lawfully detained on October 1, 2021, but, as explained above, only Officers Bajnauth and Stanton placed plaintiff in handcuffs, and only Officer Bajnauth searched plaintiff's bag upon taking him to Harlem Hospital.[1]

With respect to the October 5, 2021 incident, the City has identified the following previously-unidentified members of the NYPD who entered plaintiff's apartment at some point on that date:[2]

- Lieutenant Salvatore Ronzino is currently assigned to the NYPD Behavioral Health Division, and the City requires additional time to confirm Lt. Ronzino's service address;

- Officer Gabriela Flores Tapia, Shield No. 16056, is currently assigned to the 26th Precinct and may be served at 520 West 126th Street, New York, New York 10027;

---

[1] City Defendants note that we have also confirmed that Defendant Maldonado was not involved in either of these incidents at all. Sergeant Maldonado reported for duty at the 26th Precinct sometime after 11:00 p.m. on October 1, 2021, nearly 12 hours after plaintiff was transported to Harlem Hospital, and he merely signed off on plaintiff's Aided Report at approximately 5:14 a.m. on October 2, 2021. He did not personally observe any part of either of the incidents at issue in this case.

[2] City Defendants note that the police had lawful consent to enter the apartment on that date for purposes of returning plaintiff to a hospital after he had eloped from Harlem Hospital.

- Officer David Franklin, Shield No. 25499, is currently assigned to the Criminal Intelligence Section and may be served at the NYPD Intelligence Bureau, located at 1 Police Plaza, New York, New York 10038;

- Officer Christopher Torturo, Shield No. 2377, is currently assigned to the 26th Precinct and may be served at 520 West 126th Street, New York, New York 10027;

- Sergeant Joseph Angelone, Shield No. 718, is currently assigned to the NYPD Health and Wellness Section, and may be served at 90 Church Street, New York, New York 10007.

Additionally, the City has identified a Lieutenant "Gomez" from the FDNY who, based on BWC footage, appeared to enter the apartment for less than five minutes on October 5, 2021, but was not involved in transporting plaintiff to Mount Sinai St. Luke's on that date. The City will continue to ascertain this individual's full name, employment status, and service address. No FDNY employees transported plaintiff to St. Luke's hospital on that date, as it appears that plaintiff would have been transported to that hospital by Mount Sinai EMTs (one of whom was previously identified as "EMT Vasquez").

It is unclear which "John Doe" individuals plaintiff intends to sue for "arresting" him on October 5, 2021, as plaintiff exited his bedroom and apartment on his own volition and was not handcuffed at any time on that date. Plaintiff walked on his own to a Mount Sinai ambulance and was transported to Mount Sinai St. Luke's Hospital by Mount Sinai EMTs, and escorted by defendants Castro and Nivar (formerly Patricio).

Accordingly, City Defendants will send plaintiff a number of identification interrogatories, by August 26, 2024, aimed at providing additional information, either by physical description or by actions, that may help the City ascertain the identities of any additional individuals from the NYPD or FDNY whom plaintiff seeks to sue in connection with the incidents from October 1, 2021, and October 5, 2021, described in the 4AC.

**NYCH+H Defendants' Response**

Responding to this Court's order of July 10, 2024 to disclose the identities of any NYCH+H Police Does (Does # 31-40) who allegedly dragged plaintiff to the Emergency Psychiatric Department upon his October 1, 2021 presentation to Harlem Hospital and the identities of Harlem Hospital staff Does (Does #41-50) who told plaintiff he was not allowed to leave, NYCH+H discloses the following:

The Hospital Police who interacted with plaintiff upon his presentation are:

- P.O. Georaida Germonsen – No longer employed, Last Known Address: 2866 Miles Avenue, Bronx, New York 10465;

- P.O. Francis Senajour – No longer employed, Last Known Address: 45 West 139th Street, Apt. #15M, New York, New York 10037;

- P.O. Terrence Pemberton – Employment status and service address being verified;

- Captain David Lopez – Employment status and service being verified; and

3

- Sgt. Joel Rivera – Employment status and service being verified.

We respectfully request an additional 30 days to provide the employment status and service address of Officer Pemberton, Captain Lopez and Sgt. Rivera.

NYCH+H is not aware of and cannot identify any medical staff who told plaintiff that he may not leave other than the named physician defendants who ordered his Mental Hygiene Law Sec. 9.40 emergency observation and his Mental Hygiene Law Sec. 9.39 emergency admission (which was never carried out since plaintiff eloped). The complete list of plaintiff's treatment team is located on page three of the Harlem Hospital Records which were previously disclosed to plaintiff's prior counsel and are annexed to NYCH+H's motion to dismiss as Exhibit H. It is pasted below for ease of reference. We are unable to provide any further identification without more specific description.

**Treatment Team**

| Provider | Service | Role | Specialty | From | To |
|---|---|---|---|---|---|
| Nurur Rahman, MD | — | Admitting Provider | Psychiatry | — | — |
| Nurur Rahman, MD | — | Attending Provider | Psychiatry | 10/02/21 1338 | 10/03/21 2120 |
| Kalu Agwu, MD | — | Attending Provider | Psychiatry | 10/02/21 1002 | 10/02/21 1338 |
| Ryan H Hashem, MD | — | Attending Provider | Psychiatry | 10/01/21 1845 | 10/02/21 1002 |
| Chang Young Cho, NP | — | Nurse Practitioner | Nurse Practitioner | 10/02/21 0947 | — |
| Eguagie Ehimwenma, RN | — | Registered Nurse | — | 10/02/21 0853 | 10/02/21 1952 |
| Crystal Channel Allman, RN | — | Registered Nurse | — | 10/01/21 2049 | 10/02/21 0759 |
| Gautam Balasubramania Pandian, MD | — | Resident | Psychiatry | 10/01/21 1844 | — |
| Emilia C Okoroma, RN | — | Registered Nurse | — | 10/01/21 1751 | 10/01/21 2043 |

We thank the Court for its time and consideration of this matter.

Respectfully submitted,

*Evan J. Gottstein*     /s/
Evan J. Gottstein
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:   Via First Class Mail
Ali Moore
*Plaintiff Pro Se*
2506 East Overland Avenue
Baltimore, Maryland 21214

Via ECF
*All Counsel of Record*