By **October 4, 2024**, Plaintiff shall inform the Court whether his counter statement at Dkt. 197, filed on August 16, 2024, was intended to be his opposition to the motion to dismiss by Defendants First Service Residential and Morningside Heights Housing Corporations. If not, by **October 9, 2024**, Plaintiff shall file his opposition. Defendants' shall file a reply no later than October 30, 2024. These deadlines will not be further extended absent extraordinary circumstances.

Plaintiff is also advised that his false arrest, excessive force and unlawful seizure claims under the Fourth Amendment survived the motion to dismiss against the NYH+H Defendants, pursuant to this Court's order at Dkt. 181.

The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se Plaintiff, and to close the motions at Dkts. 211 and 212.

Dated: September 17, 2024 New York, New York

**22cv10957**

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

**Grounds for Relief:**

Equitable Tolling is a doctrine permitting courts to extend filing deadlines when extraordinary circumstances prevent a party from complying with them. In this case, I respectfully request the court to apply equitable tolling on the grounds that I was misled by court personnel, who provided me with incorrect information regarding the filing deadline for my counter opposition statements. This constitutes an extraordinary circumstance that was entirely beyond my control.

**Miscommunication and Evidence:**

On August 5, 2023, I was explicitly informed by representatives of the Southern District of New York that the deadline for filing my counter opposition statements was August 16, 2024. This was conveyed during phone conversations with both the Federal Court Office and the Pro Se Clerk's Office. I possess call recordings from that date, which verify the content of these conversations. Additionally, I have contemporaneous notes detailing the docket sheet information provided to me, and these notes are corroborated by the time stamps of my calls to the Pro Se Office. I can provide exact times and durations of these calls to substantiate my claims: on August 5, 2023, I made two phone calls —one at 4:45 p.m. and another at 4:49 p.m., with notes recorded at 4:52 p.m. Both calls lasted well beyond the 1 minute and 44 seconds required to bypass the automated message.i have picture and evidence

Moreover, I contacted the Pro Se Office on multiple occasions afterward, specifically regarding the status of my Fourth Amendment rights. I was informed that no decision had been made at the time. However, upon reviewing documents from the docket sheet that were mailed to me, I realized that decisions had been made without my knowledge. Specifically, four doctors involved in my case were removed, yet I believe these individuals acted as agents of law enforcement during the events in question. There is additional evidence of misconduct, including the appearance of cuff marks on my wrists, but no action was taken to investigate this further, despite the fact that such actions warrant scrutiny by the FBI.

**Discrepancies in Deadlines and Misinformation:**

In addition to the aforementioned miscommunication, I was never informed that the original filing deadline was August 2, 2024, nor was I made aware of any subsequent deadline of September 4, 2024. I have substantial evidence that the court staff provided incorrect information regarding these deadlines. My failure to meet the correct deadlines was a direct result of this misinformation, which I relied on in good faith. This situation constitutes excusable neglect under the doctrine of equitable tolling, and it is not attributable to any failure on my part.

**Mail and Communication Challenges:**

I also wish to bring to the court's attention ongoing challenges with mail delivery. I no longer reside at my previous address, having relocated some time ago. However, I still collect mail from the same mailbox, where the volume of mail often overwhelms the box within one to two days. Important documents have frequently fallen out or been placed behind a screen door, and the location where I now live requires a vehicle to access services, including mail retrieval. Compounding these difficulties, I am still in search of employment amid the current economic challenges. Additionally, environmental factors—such as wind—frequently displace my mail, causing further disruption.

It is important to highlight that I have been dealing with ongoing theft issues at my residence, which are well-documented and occurred concurrently with these mail disruptions. I have also experienced malfunctions with my phone, which I previously reported. In connection with this, I sent a link regarding the issue to Judge Scholfield via email.

**Request for Clarification on Fourth Amendment Protections:**

I have been left in the dark regarding the status of my Fourth Amendment rights, specifically in relation to the hospital staff involved in my case. These individuals should not be exempt from Fourth Amendment protections, as they acted as agents of law enforcement. However, I am unaware of any formal decision on this matter and am filing this motion to ensure that, if my Fourth Amendment rights have been removed, I can appeal the decision within the 30-day timeframe.

**Lack of Legal Guidance and Additional Case Considerations:**

Due to my lack of legal expertise and experience in self-representation, compounded by the documented misinformation I have received over the phone, I have struggled to navigate these complex legal proceedings. I have been referred to multiple legal agencies by the court, but none have directed me to civil attorneys or provided the legal advice I require. Most do not answer calls or respond to the voicemails I have left on numerous occasions.

Additionally, I have a pending case with the Southern District Court of New York and have since changed my address. I will provide proof that I have not resided at my previous address for a considerable period. Despite the challenges outlined, I have consistently contacted the Pro Se Office and Clerk's Office to stay updated on the status of my cases.

I wish to avoid disclosing additional sensitive details on the docket sheet at this time. However, I must emphasize that my theft-related issues extend to the disappearance of three Apple trackers, which were likely stolen. Moreover, there have been recurrent issues with misdelivered mail within both my current and former communities, adding another layer of complication to the situation.

Given these factors, I respectfully request the court to apply equitable tolling to my case to account for the extraordinary circumstances that prevented me from meeting the filing deadlines.