UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                                                                                           :
ALI MOORE,                                                     :
                            Plaintiff,    :
                                                     :               22 Civ. 10957 (LGS)
                    -against-                :
                                                     :               **OPINION AND ORDER**
CITY OF NEW YORK, et al.,              :
                                       Defendants. :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

Pro se Plaintiff Ali Moore brings this action against Defendants Morningside Heights Housing Corporation ("Morningside"), FirstService Residential New York, Inc. ("FirstService") (collectively, the "Property Defendants") and various other Defendants. The Property Defendants move to dismiss the operative complaint at docket number 86 (the "Complaint")[1] for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons below, the motion is granted.

I. **BACKGROUND**

The following facts are taken from the Complaint and assumed to be true for the purpose of this motion. *See Emilee Carpenter, LLC v. James*, 107 F.4th 92, 99 (2d Cir. 2024).

During the relevant period, Plaintiff resided at a property operated by Morningside and managed by FirstService. On October 1, 2021, Plaintiff tried to file a complaint with unspecified Morningside employees against two peace officers also employed by Morningside. The Morningside employees refused to take Plaintiff's complaint and "threatened [Plaintiff], implying that more peace officers would come and harm [him] if [he] didn't leave." The

---

[1] This appears to be Plaintiff's third complaint, i.e. the second amended complaint, but is denominated "First Amended Fourth Amended Fourteenth Amended Amended Complaint."

Morningside employees also contacted the New York City Police Department, stating that Plaintiff was causing a disturbance. Subsequently, several police officers, also Defendants in this case, arrived and forcibly arrested Plaintiff and had him transported by ambulance to a hospital where he was forced to undergo an involuntary psychological evaluation.

Four days later, on or about October 5, 2021, Plaintiff was inside his residence when an unknown individual from Morningside called 911. With the consent of Plaintiff's mother, several police officers, also Defendants in this case, entered Plaintiff's apartment. The officers refused to leave, despite Plaintiff's objection, and demanded that Plaintiff leave with them for another psychological evaluation. Plaintiff complied, fearing for his life.

On December 29, 2022, Plaintiff commenced this action against numerous defendants, not including the Property Defendants. The Property Defendants were first named in this action in September 2023 but were not served until in or around March 2024. On July 10, 2024, the Court granted in part and denied in part the motions to dismiss filed by long-time Defendants New York City Health + Hospitals and related defendants, and the City of New York and related defendants. *See Moore v. City of New York*, No. 22 Civ. 10957, 2024 WL 3361193 (S.D.N.Y. July 10, 2024). On July 19, 2024, the Property Defendants moved to dismiss. On August 16, 2024, Plaintiff filed a counter statement, which is construed to be Plaintiff's opposition. On October 30, 2024, the Property Defendants filed their reply. On October 31, 2024, Plaintiff filed an additional opposition.

## II.   STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007));[2] *accord Emilee Carpenter, LLC*, 107 F.4th at 99.  It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[] . . . claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *accord Buon v. Spindler*, 65 F.4th 64, 85 (2d Cir. 2023).  Under Rule 12(b)(6), a court "accept[s] as true all well-pleaded factual allegations, draw[s] all reasonable inferences in the plaintiff's favor, and assess[es] the complaint to determine whether those allegations plausibly establish entitlement to relief." *Tripathy v. McKoy*, 103 F.4th 106, 113 (2d Cir. 2024).  A court is "not bound to accept as true a legal conclusion couched as a factual allegation, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Buon*, 65 F.4th at 76.

The Court construes pro se submissions liberally and reads them "to raise the strongest arguments they suggest." *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022).  A pro se litigant is not "exempt [] from compliance with relevant rules of procedural and substantive law," but their right to self-representation "should not be impaired by harsh application of technical rules." *United States v. Starling*, 76 F.4th 92, 99 (2d Cir. 2023).

**III.   DISCUSSION**

The Complaint asserts claims against the Property Defendants for falsely reporting Plaintiff to the police, which led to Plaintiff's arrest and involuntary evaluations on October 1 and 5, 2021.  The gravamen of the Complaint is that the Property Defendants were motivated by racial animus.  Construed to state the strongest possible claims, the Complaint seeks to assert racial discrimination by the Property Defendants in violation of 42 U.S.C. §§ 1981, 1983, 1985

---

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

3

and 1986, the Civil Rights Act of 1964 and the Civil Rights Act of 1968, in addition to state law claims.  The claims against the Property Defendants are dismissed for failure to state a claim.

### A.     Civil Rights Act of 1964, Civil Rights Act of 1968 and 42 U.S.C. § 1981

#### 1.     Racial Discrimination

The Complaint does not state a claim of racial discrimination against the Property Defendants under 42 U.S.C. § 1981 because the Complaint does not sufficiently plead the Property Defendants' "intent to discriminate against [Plaintiff] on the basis of race." *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 80 (2d Cir. 2021) (en banc).  For the same reason, the Complaint does not state a claim under Title VI of the Civil Rights Act of 1964, which prohibits discrimination based on race, color or national origin in any program or activity receiving federal financial assistance.  *See* 42 U.S.C. § 2000d.  Nor does the Complaint state a claim under the Civil Rights Act of 1968, which enacts the Fair Housing Act ("FHA") and prohibits housing discrimination based on race, color, religion, sex, familial status or national origin.  *See* 42 U.S.C. § 3604.

To assert a claim under § 1981, Title VI or the FHA, a plaintiff must allege facts showing the defendant's intent to discriminate on the basis of race.  The pleading standard for a § 1981 claim "must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent." *Henry v. Cnty. of Nassau*, 6 F.4th 324, 335-36 (2d Cir. 2021).  An FHA claim must allege facts that have "at least minimal support for the proposition that the housing provider was motivated by discriminatory intent."  *Francis*, 992 F.3d at 73.  A Title VI plaintiff need only "meet the minimal burden of showing plausibility to infer that his treatment by [the defendant] was

motivated by . . . [race, color or] national origin." *Vengalattore v. Cornell Univ.*, 36 F.4th 87, 103 (2d Cir. 2022).

      The Complaint does not plead facts that even minimally support an inference of discriminatory intent. The Complaint alleges that, on October 1, 2021, Morningside employees (1) refused to take Plaintiff's complaint about two peace officers (Montovo and Gilmore) employed by Morningside, (2) threatened Plaintiff by implying that more peace officers would come and harm Plaintiff if he didn't leave and (3) ultimately called the police stating that Plaintiff was causing a disturbance. During the interaction, a former employee of Morningside was "conspicuously silent," which Plaintiff perceived as an indication that this employee knew in advance that Plaintiff would be taken to Harlem Hospital. The Complaint further alleges that, on October 5, 2021, Plaintiff believed that a Morningside employee called the police. Plaintiff's mother, possibly acting in concert with unspecified residents and personnel associated with Morningside, permitted the police officers access into Plaintiff's residence. The Complaint does not link any of these actions to Plaintiff's race. Rather, the Complaint broadly asserts a "social experiment for people" at Morningside by a "medical industrial complex" that exploits Black men for insurance payments. This assertion provides no "factual basis to plausibly infer that the [Property Defendants'] conduct with regard to [Plaintiff] was motivated by racial animus." *Francis*, 992 F.3d at 73-74; *accord, e.g.*, *Leon v. Kearney*, No. 23 Civ. 5182, 2024 WL 3729004, at *3 (S.D.N.Y. Aug. 7, 2024) (dismissing racial discrimination claim that lacked factual allegations showing racial animus); *Naughton v. Gutcheon*, No. 3:21 Civ. 402, 2022 WL 3646177, at *10 (D. Conn. Aug. 24, 2022) (same).

### 2. Retaliation

Nor does the Complaint state a retaliation claim under § 1981, Title VI or the FHA. Under each statute, a plaintiff asserting a retaliation claim must identify a protected activity in which the plaintiff engaged, meaning an activity by which the plaintiff sought to oppose a § 1981, Title VI or FHA violation. *See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 354-55 (2013) ("[Section 1981] prohibits not only discrimination but also retaliation against those who oppose it."); *Bloomberg v. N.Y.C. Dep't of Educ.*, 119 F.4th 209, 215 (2d Cir. 2024) (holding that Title VI prohibits "retaliation against individuals who engage in protected activity by complaining about or participating in an investigation into conduct that violates Title VI"); 42 U.S.C. § 3617 (prohibiting retaliation against individuals who "exercised or enjoyed, or . . . aided or encouraged any other person in the exercise or enjoyment of" their rights under the FHA). The Complaint alleges that Morningside retaliated against Plaintiff by calling the police on him because he sought to complain about Morningside's employees. The Complaint does not describe what Plaintiff sought to complain about. Nothing in the Complaint supports the inference that Plaintiff was complaining about a § 1981, Title VI or FHA violation that would constitute protected activity. Plaintiff's § 1981, Title VI and FHA claims are dismissed.

### B. 42 U.S.C. § 1983

The Complaint does not state a claim under § 1983 because it does not allege that the Property Defendants were state actors or that their "challenged conduct constitutes state action," an essential element to trigger § 1983 liability. *Meadows v. United States*, 963 F.3d 240, 243 (2d Cir. 2020). "A plaintiff pressing a claim of a violation of his constitutional rights under § 1983 is [] required to show state action" "[b]ecause the United States Constitution regulates only the Government, not private parties." *Id.* None of Morningside's conduct was "fairly

attributable to the state." *See id.* While Morningside employees called the police, "the mere fact that a private actor received police assistance is not sufficient to transform that private actor's conduct into state action for § 1983 purposes." *See id.* Plaintiff's § 1983 claim is dismissed.

### C.     42 U.S.C. §§ 1985 and 1986

The Complaint does not state a claim against the Property Defendants under § 1985 because it does not allege a conspiracy among the Property Defendants or between the Property Defendants and other Defendants to deprive Plaintiff of his rights.

> A conspiracy claim under Section 1985(3) requires a plaintiff to allege: 1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015); *accord Gilliam v. Greenberg Traurig LLP*, No. 23 Civ. 6144, 2024 WL 4043348, at *3 (S.D.N.Y. Sept. 4, 2024). "In order to maintain an action under Section 1985, a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003); *accord Gilliam*, 2024 WL 4043348, at *3. "The conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus." *Dolan*, 794 F.3d at 296; *accord Grossman v. Von Blackensee*, No. 19 Civ. 9191, 2025 WL 563931, at *7 (S.D.N.Y. Feb. 19, 2025).

The Complaint broadly alleges a medical industrial complex operating at Morningside, and that police officers "seemingly collaborated with [Morningside] to openly exhibit discriminatory behavior in front of" the building. These allegations provide an insufficient factual basis to support the inference that Morningside or FirstService agreed with each other or with other Defendants to deprive Plaintiff of his rights.

The § 1986 claim against the Property Defendants is likewise dismissed because "a § 1986 claim must be predicated on a valid § 1985 claim." *Brown v. City of Oneonta*, 221 F.3d 329, 341 (2d Cir. 2000); *accord Cano v. City of New York*, No. 23 Civ. 3733, 2024 WL 3520471, at *2 (S.D.N.Y. July 24, 2024).

### D. State Law Claims

The Court declines to exercise supplemental jurisdiction over the New York state constitutional and common law claims against the Property Defendants. A court may decline to exercise supplemental jurisdiction if "the claim raises a novel or complex issue of State law," or "the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c). "[T]he default rule is that federal courts should not decide related state-law claims unless there is good reason for doing so." *Cangemi v. United States*, 13 F.4th 115, 135 (2d Cir. 2021). Here, all federal claims against the Property Defendants are dismissed. The Court declines to exercise supplemental jurisdiction over the related state law claims.

### E. Leave to Amend

Because Plaintiff is pro se, he may seek permission to replead the federal racial discrimination claims against the Property Defendants (Morningside and FirstService) if he can describe additional facts that would support the inference of discriminatory intent, such as racially derogatory remarks or conduct by Morningside or FirstService employees that would suggest that their actions toward Plaintiff on October 1 and 5, 2021, were motivated by racial discrimination, i.e., that their conduct toward Plaintiff was because of his race.

Similarly, Plaintiff may seek permission to replead the federal retaliation claims against the Property Defendants if the substance of his intended complaint about the Morningside peace officers, Montovo and Gilmore, was that they had engaged in a violation of § 1981, Title VI or

8

the FHA. He must describe in detail the conduct of Montovo and Gilmore that was the subject of his intended complaint.

If Plaintiff believes that he can add additional facts as described in the two paragraphs above, by April 25, 2025, he shall file a letter stating these facts in detail not to exceed three pages. This decision does not affect Plaintiff's claims against Defendants other than the Property Defendants; regardless of whether Plaintiff seeks to replead against the Property Defendants, his surviving claims against the other Defendants will proceed.

## IV. CONCLUSION

For the reasons stated above, the Property Defendants' motion is **GRANTED**, and Defendants Morningside and FirstService are **DISMISSED**. By April 25, 2025, Plaintiff may, but is not required to, seek permission to replead by filing a letter as described above.

The Clerk of Court is respectfully directed to close the motion at Dkt. 186 and to mail a copy of this Opinion to pro se Plaintiff.

Dated: March 26, 2025
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**