

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JOSEPH ZANGRILLI**
*Senior Counsel*
Phone: (212) 356-2657
Fax: (212) 356-3509
jzangril@law.nyc.gov

July 14, 2025

**By ECF**
Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY, 10007

    Re: <u>Ali Moore v. City of New York, et al.</u>,
       22 Civ. 10957 (LGS) (RWL)

Your Honor:

  I am a Senior Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney representing the City of New York, Sanjay Bajnauth, Antonio Castelluccio, David Castro, David Maldonado, Nilsa Nivar s/h/a Nilsa Patricio, and Kevin Rosas (collectively "City Defendants") in the above referenced matter. The City Defendants write to respectfully move the Court to compel pro se Plaintiff Ali Moore to provide his initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and in accordance with the Court's Civil Case Management Plan and Scheduling Order (ECF No. 271).

  By way of background, on February 26, 2025, the Court entered a Civil Case Management Plan and Scheduling Order that established April 1, 2025 as the deadline for initial disclosures. Both the City Defendants and New York City Health + Hospitals timely served their initial disclosures on that date. However, Plaintiff has failed to serve his initial disclosures, despite multiple reminders from defense counsel over the past three months.

  As detailed in the City's May 27, 2025 status letter to the Court (ECF No. 290), defense counsel first contacted Plaintiff regarding his outstanding disclosures on May 22, 2025. Since then, defense counsel has sent additional reminders on May 28, June 2, June 10, June 25, and July 8, 2025. Throughout these communications, Plaintiff has responded with various statements but has not provided the required disclosures or any substantive explanation for his failure to comply with the Court's order.

  **Plaintiff's Recent Filings**

  On June 30, 2025, Plaintiff filed two documents with the Court. First, he filed a letter (ECF No. 293) claiming that "discovery was not yet in effect, resulting in a significant waste of time and resources." Second, he filed a motion for protective order (ECF No. 294) asserting, among other things, that he received "misinformation from the Southern District of New York

regarding the status of discovery" and that he was told "discovery was not yet underway" during phone calls.

These filings are concerning for several reasons. Discovery has been underway since the Court entered its Civil Case Management Plan and Scheduling Order on February 26, 2025 (ECF No. 271). That Order clearly established April 1, 2025 as the deadline for initial disclosures and set forth a comprehensive discovery schedule including fact discovery cutoff of September 30, 2025 and expert discovery cutoff of December 1, 2025. Plaintiff's apparent confusion about whether discovery is "in effect" does not excuse his failure to comply with the Court's Order and the Federal Rules.

Moreover, in email correspondence on June 30, 2025, when Plaintiff asked defense counsel "are we in discovery," counsel clearly confirmed: "Yes, we are in discovery." Plaintiff also appears confused about whether this is a civil or criminal case, asking about "criminal procedure" and "federal rule 6.8," despite this being a civil rights action under 42 U.S.C. § 1983.

On July 3, 2025, this Court issued an Order (ECF No. 295) specifically addressing Plaintiff's confusion about the discovery schedule. The Court unequivocally stated: "discovery has commenced, and Plaintiff is obligated to comply with the operative deadlines." Defense counsel provided Plaintiff with a courtesy copy of this Order on July 8, 2025, and explicitly reminded him that his initial disclosures were overdue.

Despite the Court's clear Order, Plaintiff's recent email communications (July 8-11, 2025) demonstrate not only his continued refusal to provide initial disclosures. Rather than addressing his discovery obligations, Plaintiff has sent a series of emails containing conspiracy theories, baseless accusations (defense counsel and the Court are involved in "entrapment," and "cyber crimes") and threats ("Get up and tell your boys it's Elmer Fudd hunting season").

Defendants have made good faith efforts to obtain Plaintiff's compliance without Court intervention. In his email communications, Plaintiff has made various statements about harassment, family attacks, and settlement demands but has not addressed his obligation to provide initial disclosures as required by the Federal Rules and the Court's Order.

Notably, in his July 11, 2025 emails, Plaintiff claims "You guys got yourself in more trouble, you didn't even let me know we were in discovery" and accuses counsel of "entrapment" despite receiving the Court's Order confirming discovery is underway and multiple explanations from defense counsel about his discovery obligations.

The Court previously advised Plaintiff that if he needs guidance on preparing initial disclosures, he should contact the New York Legal Assistance Group or review the resources available for pro se litigants on the Southern District of New York's website. Defense counsel has also directed Plaintiff to the pro se discovery guide at https://www.nysd.uscourts.gov/sites/default/files/2018-06/discoveryguide.pdf, which contains detailed instructions for preparing initial disclosures. In response to Plaintiff's confusion, counsel sent a detailed email on June 27, 2025 explaining exactly what must be included in initial disclosures and why they are required.

For these reasons, Defendants respectfully request that the Court:

1. Order Plaintiff to serve his initial disclosures within seven (7) days of the Court's Order under penalty of dismissal;

2. Clarify for Plaintiff that discovery is underway and that he must comply with all discovery obligations;

3. Advise Plaintiff that failure to comply may result in preclusion of evidence not properly disclosed pursuant to Rule 37(c)(1); and

4. Grant such other relief as the Court deems just and proper.

Defendants thank the Court for its time and consideration of this request.

                Respectfully submitted,

*Joseph Zangrilli /s/*
Joseph Zangrilli
Attorney for Defendants City,
   Bajnauth Castellucio, Castro,
   Maldonado, Nivar s/h/a Patricio,
   and Rosas
*Senior Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2657
jzangril@law.nyc.gov

Cc: **VIA FIRST CLASS MAIL AND EMAIL**
Ali Moore
2506 E. Overland Avenue
Baltimore, MD 21214
moore6029@gmail.com
*Pro Se Plaintiff*

**VIA ECF**
Eldar Mayouhas
Lewis Brisbois Bisgaard & Smith, LLP
77 Water Street
New York, NY 10005
Eldar.mayouhas@lewisbrisbois.com
*Attorney for Codefendant NYC H+H*