

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 Church Street
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**JOHN MCLAUGHLIN**
Phone: (212) 356-2670
Fax: (212) 356-3509
jmclaugh@law.nyc.gov
*Assistant Corporation Counsel*

July 18, 2025

**BY ECF**
Honorable Robert W. Lehrburger
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    Ali Moore v. City of New York, et al.,
                  22 Civ. 10957 (LGS) (RWL)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and attorney for defendants the City of New York, Sanjay Bajnauth, David Castro, Nilsa Nivar (formerly Nilsa Patricio), Antonio Castelluccio, David Maldonado, and Kevin Rosas (collectively the "City Defendants") in the above-referenced action. Pursuant to the Court's inherent docket-management authority and FED. R. CIV. P. 21, the City Defendants respectfully request that the Court direct the Clerk of Court to amend the caption so that it reflects only the parties in the operative Fourth Amended Complaint.

### Individuals Never Added to Any Operative Pleading

      In the City Defendants' April 15, 2025 letter (ECF No. 285.) the City Defendants explained—and Your Honor's April 16, 2025 Order endorsed (ECF No. 286.)—that the following individuals were identified only through *Valentin* discovery, were never inserted into any complaint, and therefore are not parties:

- Gabriela Flores Tapia,
- David Franklin,
- Terrence Pemberton,
- Francis Senajour,
- Georaida Germonsen,
- Captain David Lopez,
- Sergeant Joel Rivera,
- Chang Young Cho (NP),

- Eguagie Ehimwenma (RN),
- Crystal Allman (RN),
- Kemp Herzberg (RN), and
- Emilia Okoroma (RN).

The Court has previously noted that those individuals "are not named parties to this action" and service and appearance for these individuals were declared "moot," and the Court directed no further action with respect to them. (ECF No. 286.)[1]

The Court's November 6, 2024 Order (ECF No. 232.) made clear that, if Plaintiff wished to sue any of these individuals, he had to file a Fifth Amended Complaint by November 27, 2024 and "include . . . any relevant allegations as to their involvement." Plaintiff missed that deadline and, when he belatedly filed a proposed Fifth Amended Complaint (ECF No. 254.), he still failed to allege any facts tying the proposed new parties to the events at issue. The Court therefore denied acceptance of the pleading and, while granting one last opportunity to amend, expressly limited any further amendment to allegations that met the involvement requirement. (ECF No. 256.)

Plaintiff never cured those defects; the amended-pleading deadline in the current Case Management Plan (ECF No. 271.) expired on April 30, 2025 with no amended complaint filed. Plaintiff's subsequent request to amend (ECF No. 288.) was denied, and the Court reiterated that "the operative pleading remains the Fourth Amended Complaint" and that "good cause has not been shown for further amendment." (ECF No. 289.) *See also McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) ("A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.") (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

To eliminate potential confusion—particularly as discovery deadlines approach (amended pleadings and joinder closed on April 30, 2025)—we ask that each of these names be removed from the docket.

**Officer Christopher Torturo**

Officer Christopher Torturo was not addressed in the letter and Order at ECF Nos. 285–86, discussed *supra*, because the docket reflects that Officer Torturo was served (ECF No. 213.). Nevertheless, Officer Torturo does not appear in the operative Fourth Amended Complaint. (ECF No. 86.) Further, the Court had already rejected Plaintiff's attempt to add him when it denied the proposed Fifth Amended Complaint (ECF No. 256). In that March 4, 2025 Order, the Court held that the proposed pleading still failed to set forth "any relevant allegations as to [Officer Torturo's] involvement in the events at issue[,]" and therefore declined to permit the amendment. (*Id.*) Because the pleading deadline has long passed and Plaintiff has not cured that defect (nor

---

[1] Even assuming Plaintiff had properly named any of these individuals, the 90-day period for service under Fed. R. Civ. P. 4(m) is long expired, and Plaintiff has neither requested nor shown good cause for an extension, providing an independent basis for their termination.

may he now do so) the City Defendants respectfully request Torturo—like the other non-party individuals listed above—be removed from the docket to avoid confusion.

### Previously Dismissed Defendants

Officer Sanjay Bajnauth and Sergeant Joseph Angelone were dismissed by the Honorable Lorna G. Schofield's July 10, 2024 Opinion and Order. (ECF No. 181.) Nevertheless, Officer Bajnauth still appears on the docket "in a collective capacity," and Sergeant Angelone still appears twice—once under his name and once as "Police Officer 718." Given that no new allegations have been (or may be) added after the Court's denial of further amendment, the City Defendants respectfully request that all docket references to Bajnauth and to Angelone—including the duplicative "Police Officer 718" entry—be terminated for clarity.

The City Defendants thank the Court for its time and consideration of this matter.

Respectfully Submitted,

*John McLaughlin /s/*

John McLaughlin
Attorney for Defendants City,
   Bajnauth, Castelluccio, Castro,
   Maldonado, Nivar s/h/a Patricio,
   and Rosas
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2670
jmclaugh@law.nyc.gov

Cc: **VIA FIRST CLASS MAIL**
Ali Moore
2506 East Overland Avenue
Baltimore, MD 21214
*Plaintiff Pro Se*

**VIA ECF**
All counsel of record