

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MURIEL GOODE-TRUFANT** | **LAW DEPARTMENT** | **JOHN MCLAUGHLIN** |
| *Corporation Counsel* | 100 Church Street<br>NEW YORK, NY 10007 | Phone: (212) 356-2670<br>Fax: (212) 356-3509<br>jmclaugh@law.nyc.gov<br>*Assistant Corporation Counsel* |

September 15, 2025

**BY ECF**
Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:    <u>Ali Moore v. City of New York, et al.</u>,
                  22 Civ. 10957 (LGS) (RwL)

Your Honor:

       I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney representing the City of New York, Antonio Castellucio, David Castro, David Maldonado, Nilsa Nivar (formerly Nilsa Patricio), and Kevin Rosas (collectively the "City Defendants") in the above-referenced matter. The City Defendants respectfully renew their motion to compel pro se Plaintiff Ali Moore to provide his initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and additionally move to compel responses to City Defendants' First Set of Interrogatories and Document Requests, both in accordance with the Court's Civil Case Management Plan and Scheduling Order. (ECF Dkt. 271).

      **Background**

      On February 26, 2025, the Court entered a Civil Case Management Plan and Scheduling Order that established April 21, 2025 as the deadline for initial disclosures. (ECF Dkt. 271.) Both the City Defendants and New York City Health + Hospitals timely served their initial disclosures on that date. On July 3, 2025, this Court issued an Order specifically confirming that "discovery has commenced, and Plaintiff is obligated to comply with the operative deadlines." (ECF Dkt. 295.) Despite this clear directive, Plaintiff has continued to fail to provide initial disclosures.

      On August 5, 2025, the Court granted City Defendants' motion to compel and issued a straightforward Order directing that:

        1. Plaintiff must serve his initial disclosures by August 15, 2025.

2. If Plaintiff fails to serve initial disclosures by that time, sanctions will be issued, which may include dismissal of the action for failure to prosecute. (ECF Dkt. 307.)

**Plaintiff's Continued Noncompliance**

To date, Plaintiff has not served initial disclosures by the Court-ordered deadline of August 15, 2025. Instead, he has continued his pattern of filing irrelevant and vexatious documents, demonstrating that continued failure to engage in discovery is a consequence of recalcitrance, rather than any inability to engage with the legal process. (*See* ECF Dkts. 309–313, 315.) The Court denied Plaintiff's vexatious submissions on August 22, 2025. (ECF Dkt. 314.)

In addition to initial disclosures, City Defendants served their First Set of Interrogatories and Document Requests on Plaintiff by mail on July 9, 2025, and again by email on July 11, 2025. Under Federal Rule of Civil Procedure 33 and 34, responses were due within 30 days, or by August 11, 2025. Despite multiple reminders, Plaintiff has yet to provide these responses.

The current fact discovery deadline is September 30, 2025. (ECF Dkt. 271.) With less than three weeks remaining, Defendants have been unable to take any meaningful discovery from Plaintiff. This prejudice is compounded by the fact that this case has been pending since December 29, 2022—nearly three years—yet Plaintiff refuses to participate in the most basic discovery obligations while simultaneously burdening the Court and Defendants with frivolous filings.

For these reasons, Defendants respectfully request that the Court:

1. Order Plaintiff to serve complete initial disclosures and responses to City Defendants' First Set of Interrogatories and Document Requests by September 25, 2025, reiterating its express warning that failure to comply will result in dismissal of this action for failure to prosecute pursuant to FED. R. CIV. P. 41(b);

2. Stay all discovery obligations for all parties pending Plaintiff's compliance, with deadlines held in abeyance;

3. If Plaintiff does comply, extend the fact discovery deadline by 90 days from the date of compliance to allow Defendants adequate time to complete discovery that has been delayed by Plaintiff's obstruction;

4. Grant such other relief as the Court deems just and proper.

The City Defendants thank the Court for its time and consideration of this request.

Respectfully Submitted,

*John McLaughlin /s/*

John McLaughlin
Attorney for Defendants City,
 Castelluccio, Castro, Maldonado,
 Nivar, and Rosas
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2670
jmclaugh@law.nyc.gov

Cc: **VIA ECF & E-MAIL**
Ali Moore
2506 E. Overland Avenue
Baltimore, MD 21214
moore6029@gmail.com
*Plaintiff Pro Se*

**VIA ECF**
All counsel of record