

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JOHN MCLAUGHLIN**
*Assistant Corporation Counsel*
Phone: (212) 356-2670
Fax: (212) 356-3509
jmclaugh@law.nyc.gov

December 5, 2025

BY ECF
Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>Ali Moore v. City of New York, et al.</u>, 22 Civ. 10957 (LGS)(RWL)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, representing defendants the City of New York, Antonio Castellucio, David Castro, David Maldonado, Nilsa Nivar (formerly Nilsa Patricio), and Kevin Rosas (collectively the "City Defendants") in the above-referenced matter. As set forth below, Plaintiff has failed to comply with the Court's Orders or otherwise participate in the litigation of this matter. Accordingly, City Defendants respectfully request that the Court recommend dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      **A.  Background**

      Plaintiff commenced this action on December 29, 2022. (ECF Dkt. No. 1.) On February 26, 2025, the Court entered a Civil Case Management Plan and Scheduling Order requiring the parties to exchange initial disclosures by April 21, 2025 and setting a detailed discovery schedule. (ECF Dkt. No. 271; *see also* ECF Dkt. Nos. 296, 307.) The City Defendants and co-defendants timely served their initial disclosures. Plaintiff did not, despite multiple reminders and explanations of his obligations by the undersigned. (*See* ECF Dkt. No. 296.)

      In response to Plaintiff's insistence that "discovery was not yet underway," the Court issued a July 3, 2025 Order confirming that discovery had commenced and expressly advising Plaintiff that he was obligated to comply with all operative deadlines. (ECF Dkt. No. 295; *see also* Dkt. No. 296.) When Plaintiff still failed to provide initial disclosures, the City Defendants moved to compel on July 14, 2025. (ECF Dkt. No. 296.)

      On August 5, 2025, the Court granted the City's motion and ordered Plaintiff to serve his initial disclosures by August 15, 2025. The Court warned that if Plaintiff failed to comply, "sanctions will be issued, which may include dismissal of the action for failure to prosecute." (ECF

Dkt. No. 307.) Despite that clear directive and warning, Plaintiff did not serve any disclosures. Instead, he filed a blank form motion to stay (ECF Dkt. No. 304), which the Court denied, followed by a two-paragraph submission referencing "unauthorized surveillance, wiretapping, cybercrimes, and the CIA" that did not address his discovery obligations. (ECF Dkt. Nos. 305–06.)

In addition to initial disclosures, the City Defendants served their First Set of Interrogatories and First Set of Document Requests on July 9, 2025 (by mail) and again on July 11, 2025 (by email). Under Rules 33 and 34, Plaintiff's responses were due August 11, 2025. (ECF Dkt. No. 316.) Plaintiff has never served any responses. Instead, he continued filing irrelevant and vexatious documents, which the Court denied on August 22, 2025. (ECF Dkt. Nos. 309–15, 314, 316.)

Given Plaintiff's continued noncompliance, the City Defendants renewed their motion to compel on September 15, 2025, seeking an order directing Plaintiff to serve both initial disclosures and responses to the City Defendants' written discovery. (ECF Dkt. No. 316.) On September 16, 2025, the Court granted that motion and ordered that, by October 30, 2025, Plaintiff "shall serve on Defendants (i) complete initial disclosures as required under Federal Rule of Civil Procedure 26(a)(1); and (ii) complete responses to Defendants' First Set of Interrogatories and First Set of Document Requests." The Court also stayed other discovery obligations "pending Plaintiff's compliance" and again warned that "[i]f Plaintiff fails to comply, sanctions will be issued, which may include dismissal of the action for failure to prosecute." (ECF Dkt. No. 318.)

Despite these repeated orders and explicit warnings, Plaintiff has not: (1) served any initial disclosures; (2) served any responses to the City Defendants' First Set of Interrogatories or First Set of Document Requests; (3) requested an extension; or (4) otherwise made any effort to comply with his discovery obligations. Nor has he engaged with defense counsel in any constructive way regarding discovery. Instead, his filings have consisted of conclusory allegations and off-point accusations that do not advance this litigation or respond to the Court's directives. (*See*, *e.g.*, ECF Dkt. Nos. 304, 306, 309–13, 315.)

### B. Plaintiff's Inaction Warrants Dismissal

Plaintiff's inexcusable failure to prosecute this action warrants dismissal under Federal Rule of Civil Procedure 41(b). Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "The primary rationale underlying dismissal under Rule 41(b) is the failure of plaintiff in his duty to process his case diligently." *Dodson v. Runyon*, 957 F. Supp. 465, 470 (S.D.N.Y. 1997) (internal quotation marks omitted). Although *pro se* litigants are afforded some latitude, they must still familiarize themselves with and obey basic procedural rules, "especially when they can be understood without legal training and experience." *Yadav v. Brookhaven Nat'l Lab.*, 487 F. App'x 671, 672 (2d Cir. 2012).

In determining whether dismissal under Rule 41(b) is appropriate, courts in this Circuit consider: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delay would result in dismissal; (3) the prejudice to the defendant; (4) the balance between the need to alleviate court congestion and plaintiff's right to an opportunity to be heard;

and (5) the efficacy of lesser sanctions. *See Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009). While no one factor is dispositive, here all five weigh strongly in favor of dismissal.

First, the duration and impact of Plaintiff's noncompliance are significant. Initial disclosures were due in April 2025, and written discovery responses were due in August 2025, yet Plaintiff has disregarded those obligations for months, notwithstanding two separate orders compelling production and extending his deadlines. (ECF Dkt. Nos. 271, 307, 318.) This litigation has now been pending since December 2022, and Plaintiff's refusal to participate in discovery has effectively brought it to a standstill.

Second, Plaintiff has received ample notice that failure to comply could result in dismissal. The Court has repeatedly advised Plaintiff that discovery has commenced and that he must adhere to the schedule. (*See* ECF Dkt. Nos. 295, 307, 318.) In both the August 5, 2025 and September 16, 2025 Orders, the Court expressly warned that sanctions for continued noncompliance "may include dismissal of the action for failure to prosecute." (ECF Dkt. Nos. 307, 318.)

Third, Plaintiff's conduct has prejudiced the City Defendants. Without initial disclosures or responses to basic written discovery, the City Defendants cannot ascertain the factual bases of Plaintiff's claims, identify his alleged damages, evaluate the need for third-party discovery, or prepare for depositions and dispositive motions. Memories inevitably fade over time, and witnesses and documents may become harder to locate, especially in a case already over three years old.

Fourth, the need to alleviate court congestion outweighs any interest in affording Plaintiff further opportunities to be heard. The Court has already devoted substantial resources to reviewing and addressing Plaintiff's numerous off-point submissions and to issuing multiple orders designed to prompt compliance, all to no avail. Plaintiff has shown that he is unwilling to litigate this case in accordance with the Federal Rules and the Court's directives.

Finally, lesser sanctions are unlikely to be effective. The Court has already tried lesser measures—extending deadlines, issuing detailed orders explaining Plaintiff's obligations, staying other discovery to incentivize compliance, and repeatedly warning of possible dismissal. (ECF Dkt. Nos. 295, 307, 318.) Plaintiff has ignored each of those efforts. Under these circumstances, imposing monetary sanctions or issuing yet another order to compel would only lead to further prejudice for the City Defendants.

For all of these reasons, the Rule 41(b) factors strongly support dismissal of this action.

The City Defendants thank the Court for its time and consideration.

Respectfully Submitted,

*/s/ John McLaughlin*

John McLaughlin
Attorney for Defendants
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2670
jmclaugh@law.nyc.gov

Cc: **VIA FIRST-CLASS MAIL**
Ali Moore
2506 E. Overland Avenue
Baltimore, MD 21214
*Plaintiff Pro Se*

**VIA ECF**
*All counsel of record.*