UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                          :
ALI MOORE.,                                               :
                                                          :          22-CV-10957 (LGS) (RWL)
                                       Plaintiff,         :
                                                          :
                    - against -                           :    **REPORT AND RECOMMENDATION**
                                                          :    **TO HON. LORNA G. SCHOFIELD:**
CITY OF NEW YORK, et al.,                                 :    <u>**DISMISSAL**</u>
                                                          :
                                       Defendants.        :
                                                          :
-------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

        The Court recommends this case be dismissed pursuant to Federal Rule of Civil

Procedure 41(b) without prejudice for failure to prosecute because Plaintiff has effectively

disappeared, failed to comply with multiple court orders, and has otherwise failed to

prosecute his case.

**Background**

        Plaintiff, proceeding pro se, filed this case on December 29, 2022.  (Dkt. 1.)

        Pursuant to the governing scheduling order, the parties were required to exchange

initial disclosures on April 1, 2025.  (Dkt. 271.)  Although Defendants produced their

disclosures by the Court's deadline and requested Plaintiff do the same, Plaintiff did not.

        On July 3, 2025, the Court issued an order reminding Plaintiff that discovery had

commenced and that he was obligated to comply with all deadlines.  (Dkt. 295.)  Despite

the Court's reminder and additional efforts by the City of New York and related defendants

(together, the "City") to obtain Plaintiff's compliance, Plaintiff did not produce his initial

disclosures.

On July 14, 2025, the City moved to compel Plaintiff to produce his initial disclosures as required under the Federal Rules of Civil Procedure and this Court's scheduling orders.  (Dkt. 296.)  Plaintiff was given the opportunity to respond (*see* Dkt. 301) but did not do so.  On August 5, 2025, the Court granted the motion to compel and ordered Plaintiff to serve his initial disclosures by August 15, 2025. (Dkt. 307.)  The Court also warned Plaintiff that failure to comply may result in sanctions, including "dismissal of the action for failure to prosecute."  (*Id.*)

On September 16, 2025, the City again moved to compel Plaintiff to produce his initial disclosures and respond to certain of the City's discovery requests.  (Dkt. 316.)  The Court granted the motion and ordered Plaintiff to produce the requested material by October 30, 2025.  (Dkt. 318.)  The Court again warned Plaintiff that if he "**fails to comply, sanctions will be issued, which may include dismissal of the action for failure to prosecute.**"  (*Id.*)

By letter motion dated December 5, 2025, the City reported that Plaintiff still had not served any initial disclosures, responded to the City's discovery requests, or made any constructive effort to participate in discovery.  (*See* Dkt. 320.)  The City moved for dismissal of this action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

On December 9, 2025, the Court ordered Plaintiff to appear for a hearing on January 7, 2026, and show cause why the case should not be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  (Dkt. 321.)  The Order was filed on the docket and provided to Plaintiff via mail by both the Court and the

City.  Neither the Court nor the City received any indication that the mailings were undeliverable.

Plaintiff failed to appear at the hearing or otherwise respond to the order to show cause.  At the hearing, defendants reported that they have not heard from Plaintiff since September 2025.  Since that time, the City has emailed Plaintiff on multiple occasions. Those emails were delivered but the City received no response.

## Discussion

Federal Rule of Civil Procedure 41(b) provides, in relevant part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  The Second Circuit has identified five factors to consider when evaluating the propriety of a dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001) (quoting *Shannon v. General Electric Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999)).

Suffice to say that this case cannot proceed without Plaintiff's participation.  Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears, *see, e.g., Abreu-Guzman v. Lempke*, No. 10-CV-6659, 2011 WL 4862959, at *2 (S.D.N.Y. Oct. 13, 2011); *Dong v. United States*, No. 02-CV-7751, 2004 WL 385117, at *3 (S.D.N.Y. March 2, 2004) (dismissing case where plaintiff has taken no action and had no contact with the Court or defendant for two months), or

3

fails to respond to discovery requests and comply with discovery orders, *Garcia v. Department of Corrections*, No. 19-CV-8167, 2021 WL 1163789, at *1 (S.D.N.Y. Mar. 25, 2021) (dismissing case where plaintiff failed to respond to discovery request on three occasions notwithstanding explicit warning from the court that such a failure may result in dismissal). Indeed, a "plaintiff's failure to respond to an explicit order to show cause why a case should not be dismissed is evidence of that plaintiff's failure to pursue the case." *Id.* (internal quotation marks omitted).

The relevant factors all point to dismissal. First, Plaintiff has failed to provide his initial disclosures (or otherwise engage in discovery) for over nine months, notwithstanding two separate court orders compelling production. *See Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666-67 (2d Cir. 1980) (plaintiff's failure to take any action to move his case to trial during six months justified dismissal). Moreover, Plaintiff has proffered no explanation for his apparent abandonment of his case or failure to comply with this Court's orders.

Second, Plaintiff has been given sufficient notice. On three occasions, the Court has warned Plaintiff that failure to provide his initial disclosures may result in dismissal. (Dkts. 307, 318, 321.)

Third, while "[p]rejudice to defendants resulting from an unreasonable delay may be presumed[,] ... in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." *Lyell Theater Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (internal citation omitted). Here, however, plaintiff's delay is neither moderate nor excusable. "The record is devoid of any explanation for plaintiff's complete

inaction …. Thus, the prejudice to defendant can be fairly presumed." *Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000).

Fourth, dismissing Plaintiff's case does not violate his due process rights under the circumstances.  Plaintiff has had ample opportunity to prosecute his case and to be heard.  The docket in this District is quite large, and it is a disservice to the Court and other litigants "to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Id.*

Fifth, no lesser sanction is viable.  The Court has already given Plaintiff opportunity to prosecute his case, including by extending deadlines.  And, a Court cannot compel compliance from – or meaningfully sanction – a plaintiff who has repeatedly refused to comply with its orders.  Moreover, dismissal without prejudice is certainly less severe than dismissal with prejudice.  "A dismissal without prejudice allows the Court to dispose of this case, which Plaintiff has seemingly abandoned, while allowing plaintiff the opportunity to re-file the suit should he choose to do so in the future." *Coleman v. Doe*, No. 05-CV-5849, 2006 WL 2357846, at *3 (E.D.N.Y. Aug. 14, 2006).

## Conclusion

For the foregoing reasons, Plaintiff's case should be dismissed without prejudice.

## PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation.  Any party shall have fourteen (14) days to file a written response to the other party's objections.  Any such objections and responses shall be filed with the Clerk of Court, with courtesy copies delivered to the Chambers of the

Honorable Lorna G. Schofield, United States Courthouse, 40 Foley Square, New York, New York 10007, and to the Chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007.  Any request for an extension of time for filing objections must be addressed to Judge Schofield.  **Failure to file timely objections will result in a waiver of the right to object and will preclude appellate review.**

RESPECTFULLY SUBMITTED,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:  January 7, 2026
        New York, New York

Copies transmitted this date to all parties.

6