UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X
                                                          :
  ALI MOORE,                                              :
                                        Plaintiff,        :
                                                          :          22 Civ. 10957 (LGS) (RWL)
                       -against-                          :
                                                          :          **ORDER**
  CITY OF NEW YORK et al.,                                :
                                        Defendants.       :
                                                          :
----------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff filed this action on December 29, 2022.  Dkt. 1.

WHEREAS, in a Report and Recommendation dated January 7, 2026 (the "Report"),

Magistrate Judge Robert W. Lehrburger recommended dismissing this case without prejudice

pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.  Dkt. 322.

WHEREAS, the recommendation in the Report is based on findings that Plaintiff failed

to produce his initial disclosures after missing the original deadline of April 1, 2025, pursuant to

the operative scheduling order.  *Id.*  The Report summarizes that Plaintiff continued to fail to

produce his initial disclosures over the following months in 2025, despite several requests by the

City of New York and related defendants (together, the "City Defendants") and motions to

compel, which Judge Lehrburger granted.  *Id.*  In granting the motions to compel, Judge

Lehrburger repeatedly warned Plaintiff that failure to comply could result in sanctions, including

dismissal of the action for failure to prosecute.  *See* Dkts. 307 and 318.

WHEREAS, on December 5, 2025, the City Defendants moved to dismiss for failure to

prosecute under Federal Rule of Civil Procedure 41(b) because of Plaintiff's continued

noncompliance with his discovery obligations and the Court's orders and warnings.  Dkt. 320.

WHEREAS, on December 9, 2025, Judge Lehrburger ordered Plaintiff to appear for a hearing on January 7, 2026, and show cause why the case should not be dismissed without prejudice for failure to prosecute.  Dkt. 321.  The December 9, 2025, Order was filed on the docket and mailed to Plaintiff by the Court and the City Defendants.  Dkt. 322.  Plaintiff failed to appear at the hearing or otherwise respond to the order to show cause.  At the hearing, the City Defendants reported that they had not heard from Plaintiff since September 2025.  *Id.*  Since that time, the City Defendants have sent emails to Plaintiff on multiple occasions but received no response.  *Id.*

WHEREAS, based on the foregoing history and an analysis of Federal Rule of Civil Procedure 41(b) and the five factors the Second Circuit considers when evaluating the propriety of dismissal for failure to prosecute, the Report recommends dismissing the case without prejudice for failure to prosecute.  *Id.*; *see also Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); *Tatintsian v. Vorotyntsev*, No. 16 Civ. 7203, 2026 WL 852578, at *4 (S.D.N.Y. Mar. 27, 2026).

WHEREAS, in reviewing a magistrate judge's report and recommendation, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  "In a case . . . where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *Kuan v. Notoriety Grp. LLC*, No. 22 Civ. 1583, 2023 WL 3936749, at *1 (S.D.N.Y. June 9, 2023).[1]  "[F]ailure to object timely to a report [also] waives any further judicial review of the report . . . if the party had received clear notice of the consequences of the failure to object."

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

*Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *accord Mitchell v. Annucci*, No. 21-2784-PR, 2023 WL 7648625, at \*3 (2d Cir. Nov. 15, 2023) (summary order) ("It is well-established that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.").

WHEREAS, the Report states, "the parties shall have fourteen (14) days to file written objections." Dkt. 322 at 5.

WHEREAS, the Report states, "**Failure to file timely objections will result in a waiver of the right to object and will preclude appellate review.**" *Id*. at 6.

WHEREAS, on January 8, 2026, the Court served the Report on Plaintiff by mailing it to his last known address. *See* Fed. R. Civ. P. 5(b)(2)(C).

WHEREAS, on January 8, 2026, Plaintiff filed a letter (the "January 8 Letter") stating that he was unable to attend the show-cause hearing due to "multiple unforeseen circumstances," including that he has been "preoccupied with personal matters," lacked sufficient financial resources for transportation, has been experiencing "severe and persistent head pain" which he believes may be connected to the "deep state," his uncle and grandmother passed away and he and his grandmother "have been attacked" by the CIA. Dkt. 323.

WHEREAS, in an Order dated January 12, 2026, Judge Lehrburger found that "[n]othing in the Plaintiff's letter addresses his ongoing, protracted failure to participate in discovery, which was the basis for the recommendation to dismiss his case for failure to prosecute." Dkt. 324. Accordingly, Judge Lehrburger found "no reason to vacate or amend" the Report. *Id.*

3

WHEREAS, on January 24, 2026, Plaintiff filed a letter (the "January 24 Letter") that was substantially the same as the January 8 Letter. Dkt. 325. Like the January 8 Letter, nothing in the January 24 Letter addresses Plaintiff's failure to participate in discovery.

WHEREAS, on March 20, 2026, Plaintiff filed a letter (the "March 20 Letter") stating that he is "investigating and reporting incidents of mail tampering" connected to his prior cases, has "been involved in various projects . . . and advocacy work concerning systemic injustice" and that he believes he is being subjected to "psychological harassment, including the deliberate disabling of essential facilities such as [his] shower and toilet, as punishment for [his] pursuit of justice." Dkt. 326. Plaintiff further stated his belief that "elements within the CIA have historical and operational ties to extremist organizations such as the Ku Klux Klan," and that he suspects potential complicity in the deaths of his relatives by "federal and state actors," the "Third Circuit Court," this Court and Judge Lehrburger. *Id.* As a preliminary matter, the March 20 Letter was filed well after the fourteen-day deadline for objections to the Report. Nonetheless, as above, nothing in the March 20 Letter addresses Plaintiff's ongoing, protracted failure to participate in discovery.

WHEREAS, the Court finds no clear error on the face of the record as to the Report. It is hereby

**ORDERED and ADJUDGED** that the Report is **ADOPTED**. Defendants' motion to dismiss is **GRANTED**. The case is dismissed without prejudice.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 320, close the case and mail a copy of this Order to Plaintiff.

Dated: April 30, 2026
   New York, New York

             LORNA G. SCHOFIELD
            UNITED STATES DISTRICT JUDGE